## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

NATIVE CDFI NETWORK INC.,

      *Plaintiff*,

   v.

UNITED STATES OF AMERICA,

      *Defendant*.

Case No. 26-646 C

Judge Ryan T. Holte

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME

Plaintiff respectfully submits this response to Defendant's motion for a 60-day enlargement of time to respond to Plaintiff's complaint. As noted in Defendant's motion, Plaintiff consents to a 30-day extension of time but opposes the requested 60-day extension.

Plaintiff filed the complaint in this case on May 4, 2026, and Defendant's response is currently due approximately one month from now, on July 6, 2026. Under Rule 6(b) of the Rules of the United States Court of Federal Claims, a party seeking an extension must establish "good cause" for the request. *See Garcia v. United States*, No. 22-1222, 2023 WL 4057566, at *2 (Fed. Cl. June 13, 2023) (Holte, J.) (collecting cases denying requests for extensions where party failed to establish good cause).

Plaintiff has consented to a 30-day extension, which would extend Defendant's deadline to August 6, 2026, and provide Defendant with almost two full months from today to prepare a response. Defendant's motion does not explain why the 30 days to which Plaintiff consents is insufficient or why Defendant requires an additional 30 days to prepare a response. The motion notes that Defendant's counsel was not assigned to this matter until May 29, but Defendant's counsel previously entered an appearance in a related case involving the same contract and

underlying facts on May 13, more than two weeks before counsel was assigned to this matter. *See* Notice of Appearance, *Appalachian Cmty. Cap. Corp. v. United States*, No. 26-cv-562 (Ct. Cl. May 13, 2026), Dkt. 11.[1] Defendant does not explain why it needs until September 1, 2026—120 days after the filing of Plaintiff's complaint—to prepare a response, particularly where Plaintiff has already consented to a 30-day extension.

Plaintiff would also be prejudiced by such significant delay. As set forth in the complaint, this case concerns Defendant's unlawful freeze of hundreds of millions of dollars being held in Plaintiff's bank accounts. Plaintiff has suffered substantial damages as a result of Defendant's actions and has a strong interest in resolving this case expeditiously. While Plaintiff recognizes that extensions are sometimes necessary and is willing to consent to reasonable extensions as a professional courtesy where warranted, it cannot agree to such a lengthy extension here where Defendant has failed to establish good cause.

Dated: June 9, 2026

Respectfully submitted,

*/s/ John Robinson*
Daniel F. Jacobson
John Robinson
JACOBSON LAWYERS GROUP PLLC
5100 Wisconsin Ave. NW, Suite 301
Washington, DC 20016
Tel: (301) 823-1148
dan@jacobsonlawyersgroup.com
john@jacobsonlawyersgroup.com

*Counsel for Plaintiff*

---

[1] Pursuant to Rules 40.1 and 40.2 of the Rules of the U.S. Court of Federal Claims, Plaintiff has filed a notice of related case and a motion to transfer in *Appalachian Community*. *See* Dkt. 7 (attaching copy of notice and motion to transfer filed in *Appalachian Community*). On June 4, 2026, the government filed a response stating that it does not oppose transfer. Dkt. 9.