IN THE UNITED STATES COURT OF FEDERAL CLAIMS

NATIVE CDFI NETWORK INC.,

Plaintiff,

v.

UNITED STATES,

Defendant,

No. 26-646

Judge Holte

**DEFENDANT'S ANSWER**

For its answer to plaintiffs' complaint, defendant, the United States, admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute plaintiff's characterization of this action and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. The first sentence of paragraph 2 constitutes plaintiff's characterization of federal legislation; the statute is the best evidence of its contents. Admits that plaintiff applied for a grant under the Greenhouse Gas Reduction Fund as alleged in the second sentence of paragraph 2 and denies the remainder of this sentence for lack of knowledge or information sufficient to form a belief as to its truth.

3. Admits the allegation that EPA awarded Native CDFI Network a grant in the first sentence of paragraph 3. The remainder of the allegations contained in paragraph 3 constitute plaintiff's characterization of the grant application process and the grant agreement, and the grant notice of funding and award documents are the best evidence of their contents.

4. Paragraph 4 constitutes plaintiff's characterization of the grant agreement; that agreement is the best evidence of its content; otherwise denies the allegations in paragraph 4.

5. Paragraph 5 constitutes plaintiff's characterization of the grant agreement; that agreement is the best evidence of its content; otherwise denies the allegations in paragraph 5.

6. Denies the first sentence of paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth. The second sentence in paragraph 6 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied. Denies the third sentence of paragraph 6. Admits the allegations in the fourth and fifth sentences of paragraph 6. Admits that EPA's priorities had changed, and the remainder of the allegations contained in paragraph 6 constitute plaintiff's conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

7. Admits the allegation in the first sentence in paragraph 7. The remainder of the allegations contained in paragraph 7 constitute plaintiff's characterizations of documents and conclusion of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

8. Denies.

9. Denies.

10. Denies.

11. Denies.

12. Denies.

13. Denies.

14. Paragraph 14 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

15. Admits.

16. Paragraph 16 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

17. Denies for lack of knowledge or information sufficient to form a belief as to their truth the allegations in paragraph 17.

18. Paragraph 18 constitutes plaintiff's characterization of a Congressional Research Services report and an Act of Congress; those documents are the best evidence of their content; otherwise denies the allegations in paragraph 18.

19. Denies for lack of knowledge or information sufficient to form a belief as to their truth the allegations in paragraph 19.

20. Admits the allegation in the first sentence in paragraph 20. Denies for lack of knowledge or information sufficient to form a belief as to their truth the remaining allegations in paragraph 20.

21. Denies for lack of knowledge or information sufficient to form a belief as to their truth the allegations in paragraph 21.

22. Paragraph 22 constitutes plaintiff's characterization of an Act of Congress; that Act is the best evidence of its content; otherwise denies the allegations in paragraph 22.

23. Paragraph 23 constitutes plaintiff's characterization of an Act of Congress; that Act is the best evidence of its content; otherwise denies the allegations in paragraph 23.

24. Admits.

25. Admits.

26. Paragraph 26 constitutes plaintiff's characterization of a notice issued by EPA; that notice is the best evidence of its content; otherwise denies the allegations in paragraph 26.

27. Paragraph 27 constitutes plaintiff's characterization of a notice issued by EPA; that notice is the best evidence of its content; otherwise denies the allegations in paragraph 27.

28. Paragraph 28 constitutes plaintiff's characterization of a notice issued by EPA; that notice is the best evidence of its content; otherwise denies the allegations in paragraph 28.

29. Admits.

30. Denies for lack of knowledge or information sufficient to form a belief as to their truth the allegations in paragraph 30.

31. Paragraph 31 constitutes plaintiff's characterization of its grant application; that application is the best evidence of its content and EPA otherwise denies the allegations in paragraph 31.

32. Admits.

33. Paragraph 33 constitutes plaintiff's characterization of its notice of award and grant agreement; those documents are the best evidence of their content.

34. Paragraph 34 constitutes plaintiff's characterization of its notice of award and grant agreement; those documents are the best evidence of their content.

35. Paragraph 35 constitutes plaintiff's characterization of its amended grant agreement; that document is the best evidence of its content.

36. Paragraph 36 constitutes plaintiff's characterization of its amended grant agreement; that document is the best evidence of its content.

37. Paragraph 37 constitutes plaintiff's characterization of its amended grant agreement; that document is the best evidence of its content.

38. Paragraph 38 constitutes plaintiff's characterization of its amended grant agreement; that document is the best evidence of its content.

39. Paragraph 39 constitutes plaintiff's characterization of its amended grant agreement; that document is the best evidence of its content.

40. The first two sentences of paragraph 40 constitute plaintiff's characterization of its amended grant agreement; that document is the best evidence of its content. The third sentence in paragraph 40 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed to contain allegations of fact, they are denied.

41. Admits the allegation in the first sentence in paragraph 41. The second sentence of paragraph 41 constitutes plaintiff's characterization of its amended grant agreement; that document is the best evidence of its content.

42. Paragraph 42 constitutes plaintiff's characterization of its amended grant agreement; that document is the best evidence of its content.

43. Paragraph 43 constitutes plaintiff's characterization of its amended grant agreement; that document is the best evidence of its content.

44. Paragraph 44 constitutes plaintiff's characterization of its amended grant agreement; that document is the best evidence of its content.

45. Paragraph 45 constitutes plaintiff's characterization of its amended grant agreement; that document is the best evidence of its content.

46. Paragraph 46 constitutes plaintiff's characterization of its account control agreement; that document is the best evidence of its content.

47. Paragraph 47 constitutes plaintiff's conclusion of law to which no answer is required. To the extent the allegations in paragraph 47 may be deemed allegations of fact, they constitute plaintiff's characterization of its account control agreement; that document is the best evidence of its content.

48. Paragraph 48 constitutes plaintiff's characterization of its account control agreement; that document is the best evidence of its content.

49. The first sentence of paragraph 49 constitutes plaintiff's characterization of a financial agent agreement; that document is the best evidence of its content. The remainder of paragraph 49 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed to contain allegations of fact, they are denied.

50. Paragraph 50 constitutes plaintiff's characterization of its grant agreement and the Code of Federal Regulations; those documents are the best evidence of their content; otherwise denies the allegations in paragraph 50.

51. Paragraph 51 constitutes plaintiff's characterization of a regulation; that regulation is the best evidence of its content; otherwise denies the allegations in paragraph 51.

52. Paragraph 52 constitutes plaintiff's characterization of a regulation; that regulation is the best evidence of its content; otherwise denies the allegations in paragraph 52.

53. Paragraph 53 constitutes plaintiff's characterization of a regulation and an EPA federal register notice; those documents are the best evidence of their content; otherwise denies the allegations in paragraph 53.

54. Paragraph 54 constitutes plaintiff's characterization of its grant agreement and EPA's 2023 General Terms and Conditions; those documents are the best evidence of their content; otherwise denies the allegations in paragraph 54.

55. The first sentence of paragraph 55 constitutes plaintiff's conclusions of law to which no answer is required; to the extent an answer is required, it is denied. The second sentence of paragraph 55 constitutes plaintiff's characterization of its grant agreement; that document is the best evidence of its content.

56. The first sentence of paragraph 56 constitutes plaintiff's characterization of its grant agreement; that document is the best evidence of its content. The second sentence of paragraph 56 plaintiff's conclusions of law to which no answer is required; to the extent it may be deemed to contain allegations of fact, they are denied.

57. The first sentence of paragraph 57 constitutes plaintiff's characterization of its grant agreement; that document is the best evidence of its content; otherwise denies these allegations. The remainder of paragraph 57 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

58. Paragraph 58 constitutes plaintiff's characterization of its grant agreement; that document is the best evidence of its content.

59. The first two sentences of paragraph 59 constitute plaintiff's characterization of a regulation and an EPA notice; those documents are the best evidence of their content. The third sentence of paragraph 59 plaintiff's conclusions of law to which no answer is required; to the extent it may be deemed to contain allegations of fact, they are denied.

60. Paragraph 60 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed to contain allegations of fact, they are denied.

61. Paragraph 61 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed to contain allegations of fact, they are denied.

62. The first sentence of paragraph 62 constitutes plaintiff's characterization of its grant agreement; that document is the best evidence of its content; otherwise denies these allegations. The remainder of paragraph 62 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

63. Paragraph 63 constitutes plaintiff's characterization of its grant agreement; that document is the best evidence of its content.

64. Paragraph 64 constitutes plaintiff's characterization of its grant agreement; that document is the best evidence of its content.

65. Paragraph 65 constitutes plaintiff's characterization of its grant agreement; that document is the best evidence of its content.

66. Admits the allegations contained in paragraph 66 to the extent supported by the cited document, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 66.

67. Paragraph 67 constitutes plaintiff's characterization of a news article; that document is the best evidence of its content.

68. Paragraph 68 constitutes plaintiff's characterization of a document submitted in another litigation and a news article; those documents are the best evidence of their content, otherwise denies the allegations in paragraph 68 for lack of sufficient knowledge or information to form an opinion as to their truth of the allegations.

69. Paragraph 69 constitutes plaintiff's characterization of a document submitted in another litigation and two news articles; those documents are the best evidence of their content, otherwise denies the allegations in paragraph 69 for lack of sufficient knowledge or information to form an opinion as to their truth.

70. Paragraph 70 constitutes plaintiff's characterization of a news article; that document is the best evidence of its content, otherwise denies the allegations in paragraph 70 for lack of sufficient knowledge or information to form an opinion as to their truth.

71. Denies for lack of knowledge or information sufficient to form a belief as to their truth the allegations in paragraph 71.

72. Denies for lack of knowledge or information sufficient to form a belief as to their truth the allegations in paragraph 72.

73. Denies for lack of knowledge or information sufficient to form a belief as to their truth the allegations in paragraph 73.

74. Admits the allegations contained in paragraph 74 to the extent supported by the cited document, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 74.

75. Denies for lack of knowledge or information sufficient to form a belief as to their truth the allegations in paragraph 75.

76. Admits the allegations contained in paragraph 76 to the extent supported by the cited documents, which are the best evidence of their content; otherwise denies the allegations contained in paragraph 76.

77. Admits the allegations contained in paragraph 77 to the extent supported by the cited document, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 77.

78. Admits the allegations contained in paragraph 78 to the extent supported by the cited document, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 78.

79. Admits the allegations contained in paragraph 79 to the extent supported by the cited document, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 79.

80. Admits the allegations contained in paragraph 80 to the extent supported by the cited document, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 80.

81. Admits the allegations contained in the first sentence of paragraph 81 to the extent supported by the cited document, which is the best evidence of its content; otherwise denies those allegations. The second sentence of paragraph 81 is a conclusion of law to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

82. Admits the allegations contained in paragraph 82 to the extent supported by the cited document, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 82.

83. Admits the allegations contained in paragraph 83 to the extent supported by the cited document, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 83.

84. Admits the allegations contained in paragraph 84 to the extent supported by the cited document, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 84.

85. Admits the allegations contained in paragraph 85 to the extent supported by the cited document, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 85.

86. Admits the first sentence of paragraph 86. Denies the remainder of the allegations in paragraph 86 as plaintiff's characterizations of the district court's order in the *Climate United* litigation.

87. Admits the allegations contained in paragraph 87 to the extent supported by the cited documents, which are the best evidence of their content; otherwise denies the allegations contained in paragraph 87.

88. Admits the allegations contained in paragraph 88 to the extent supported by the cited documents, which are the best evidence of their content; otherwise denies the allegations contained in paragraph 88.

89. Admits the allegations contained in paragraph 89 to the extent supported by the cited documents, which are the best evidence of their content; otherwise denies the allegations contained in paragraph 89.

90. Denies for lack of knowledge or information sufficient to form a belief as to their truth the allegations in paragraph 90.

91. Admits.

92. Admits.

93. Denies for lack of knowledge or information sufficient to form a belief as to their truth the allegations in paragraph 93.

94. Admits.

95. Paragraph 95 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed to contain allegations of fact, they are denied.

96. Paragraph 96 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed to contain allegations of fact, they are denied.

97. Paragraph 97 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed to contain allegations of fact, they are denied.

98. Paragraph 98 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed to contain allegations of fact, they are denied.

99. Paragraph 99 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed to contain allegations of fact, they are denied.

100. Paragraph 100 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed to contain allegations of fact, they are denied.

101. Paragraph 101 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed to contain allegations of fact, they are denied.

102. Defendant incorporates by reference its answers to NCN's allegations contained in the preceding paragraphs.

103. Paragraph 103 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed to contain allegations of fact, they are denied.

104. Paragraph 104 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed to contain allegations of fact, they are denied.

105. Paragraph 105 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed to contain allegations of fact, they are denied.

106. Paragraph 106 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed to contain allegations of fact, they are denied.

107. Paragraph 107 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed to contain allegations of fact, they are denied.

108. Paragraph 108 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed to contain allegations of fact, they are denied.

109. Denies.

110. Denies based on lack of knowledge sufficient to form a belief as to the allegation's truth.

111. Defendant incorporates by reference its answers to NCN's allegations contained in the preceding paragraphs.

112. Paragraph 112 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed to contain allegations of fact, they are denied.

113. Paragraph 113 constitutes plaintiff's characterization of the grant agreement and federal regulations; those documents are the best evidence of their content and to the extent paragraph 113 may be deemed to contain allegations of fact, they are denied.

114. Paragraph 114 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed to contain allegations of fact, they are denied.

115. Admits.

116. Admits the first sentence of paragraph 16. The remainder of the allegations in paragraph 116 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed to contain allegations of fact, they are denied.

117. Paragraph 117 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed to contain allegations of fact, they are denied.

118. Denies.

119. Defendant incorporates by reference its answers to NCN's allegations contained in the preceding paragraphs.

120. Paragraph 120 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed to contain allegations of fact, they are denied.

121. Paragraph 121 constitutes plaintiff's characterization of the grant agreement; that agreement is the best evidence of its content; otherwise denies the allegations in paragraph.

122. Admits that EPA has not issued a Notice of Exclusive Control to Citibank, and the remainder of paragraph 122 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed to contain allegations of fact, they are denied.

123. Paragraph 123 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed to contain allegations of fact, they are denied.

124. Paragraph 124 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed to contain allegations of fact, they are denied.

125. Denies.

126. Paragraph 126 constitutes plaintiff's conclusion of law to which no answer is required.

127. Paragraph 127 constitutes plaintiff's conclusion of law to which no answer is required.

128. Paragraph 128 constitutes plaintiff's conclusion of law to which no answer is required.

129. Denies.

130. Paragraph 130 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed to contain allegations of fact, they are denied.

131. Paragraph 131 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed to contain allegations of fact, they are denied.

132. Denies.

133. Defendant incorporates by reference its answers to NCN's allegations contained in the preceding paragraphs.

134. Paragraph 134 constitutes plaintiff's conclusion of law to which no answer is required.

135. Paragraph 135 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed to contain allegations of fact, they are denied.

136. Paragraph 136 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed to contain allegations of fact, they are denied.

137. Paragraph 137 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed to contain allegations of fact, they are denied.

138. Denies.

139. Denies.

140. Defendant incorporates by reference its answers to NCN's allegations contained in the preceding paragraphs.

141. Paragraph 141 constitutes plaintiff's conclusion of law to which no answer is required.

142. Denies.

143. Paragraph 143 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed to contain allegations of fact, they are denied.

144. Admits the allegations contained in paragraph 144 to the extent supported by the cited news release, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 144.

145. Paragraph 145 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed to contain allegations of fact, they are denied.

146. Paragraph 146 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed to contain allegations of fact, they are denied.

147. Denies.

148. Defendant incorporates by reference its answers to NCN's allegations contained in the preceding paragraphs.

149. Denies.

150. Denies.

151. Paragraph 151 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed to contain allegations of fact, they are denied.

152. Paragraph 152 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed to contain allegations of fact, they are denied.

153. Paragraph 153 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed to contain allegations of fact, they are denied.

154. Paragraph 154 constitutes plaintiff's conclusion of law to which no answer is required; to the extent it may be deemed to contain allegations of fact, they are denied.

155. Denies.

156. Denies.

157. Denies.

158. Defendant incorporates by reference its answers to NCN's allegations contained in the preceding paragraphs.

159. Paragraph 159 constitutes plaintiff's conclusion of law to which no answer is required.

160. Denies.

161. Denies.

162. Denies.

163. Denies.

164. Denies.

165. Denies.

166. Denies.

167. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 166 or to any relief whatsoever.

168. Denies each and every allegation not previously admitted or otherwise qualified.

Date: September 1, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. MCCARTHY
Director

WILLIAM J. GRIMALDI
Assistant Director

*/s Nelson Kuan*

NELSON KUAN
Trial Attorney
Commercial Litigation Branch
Civil Division, Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-0335
E-mail: nelson.kuan@usdoj.gov

Counsel for Defendant